FILED & ENTERED

DEC 27 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY hawkinso DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Jorge Serrato,<br><br><br><br><br><br><br><br><br>Debtor. | Case No.: 6:15-bk-18945-MJ<br><br>Chapter: 13<br><br>**MEMORANDUM DECISION RE OBJECTION TO PROOF OF CLAIM 1-2 OF MORENO VALLEY RANCH COMMUNITY ASSOCIATION**<br><br>Date:      December 18, 2017<br>Time:      1:30 p.m.<br>Location:  Courtroom 301<br>           3420 Twelfth Street<br>           Riverside, CA 92501 |

BACKGROUND

Debtor Jorge Serrano (debtor) filed an objection to proof of claim 1-2 (claim) filed by Moreno Valley Ranch Community Association (Association) on May 30, 2017. This claim amended claim 1-1, filed by the Association in the sum of $17,933.19, which is being paid as a secured claim in debtor's confirmed Chapter 13 Plan. The amendment added post-petition attorney's fees and costs totaling $2626.71 to the claim. Debtor's objection argued that the attorney for the Association was "doing nothing more than every creditor routinely does

-1-

in a Chapter 13 case; namely 'processing payments from the trustee, periodically reviewing the Court docket and updating the client each month.'" Debtor asserted that because he was current on his post-petition payments to the Association and his plan payments to the Trustee, there was no need for additional work on behalf of the Association.

The Association responded to the objection, arguing that as an oversecured creditor, it was entitled to recover attorney's fees and costs under 11 U.S.C. § 506(b) as part of its secured claim. Under the provisions of the Covenants, Conditions and Restrictions (CC&R's), to which debtor is bound, and California Civil Code §5650(b)(1), the Association is entitled to add to the debt owed by debtor reasonable fees and costs of collection and reasonable attorney's fees. Therefore, it asserted the additional fees and costs were appropriately included in the claim.

At the initial hearing on the objection on October 30, 2017, the court noted that the Association's response did not include the itemized billing records from the law firm representing the Association for the attorney's fees added to the claim. The hearing was therefore continued to allow the Association to file those billing records, which were filed on November 14, 2017. After argument at the continued hearing, the court took the matter under submission. This memorandum shall constitute the court's findings of fact and conclusions of law under the provisions of FRBP 7052 and its ruling on the claim objection.

ANALYSIS

The initial claim filed by the Association prior to plan confirmation in the amount of $17,933.19 included unpaid assessments

-2-

of $4043.78, late charges, interest, and collection costs of $3477.63 and attorney's fees and costs of $7400.31. As noted in an objection to confirmation filed by the Association (Docket #9), debtor had not paid his regular monthly assessments for more than 4 years, which delinquency caused the Association to incur collection costs *and* attorney's fees which more than quadrupled the amount of the debt owed by debtor. Despite these startling numbers, debtor did not object to Claim 1-1, perhaps because he understood the serious nature of his delinquency and the rights and protections for homeowner's associations which are embedded in both the California statutes and recorded CC&R's. .

It is not unique for this court to review a claim from a homeowner's association in which the amount of unpaid assessments are dwarfed by the fees and costs which are added to the bill. Homeowner's Associations (HOA's) are unique creditors in that they are not lenders or sellers of product, but are rather nonprofit organizations which provided common services and amenities to a housing development at a cost which must be borne by all property owners in the development. Tightly regulated by statute and run by an elected board of directors, an HOA must establish annually a budget for the allowable expenses it must pay and then assess all homeowners equally to pay the costs entailed in the budget. If a homeowner defaults and the default remains unpaid despite collection efforts of an HOA[1], those unpaid sums must eventually be redistributed among all the remaining homeowners, who in essence are economically damaged when a neighbor reneges on his obligation to pay assessments. The California statutes recognize that any costs borne by an association

---

[1] The methods for filing liens and collecting delinquent payments are set forth in Cal Civil Code §§ 5600 et seq. and are extensive.

-3-

in collecting delinquent assessment must be paid by the defaulting homeowner to minimize the impact of such default on the rest of the neighborhood. As a result, the right to add such costs to the debt is broadly written:

> Cal. Civil Code §5650:
> (a) A regular of special assessment and any late charges, reasonable fees and costs of collection, reasonable attorney's fees, if any, and interest, if any, as determined in accordance with subdivision (b), shall be a debtor of the owner.

Subdivision (b) allows an association to recover upon delinquency "(1) Reasonable costs incurred in collecting the delinquent assessment, including reasonable attorney's fees." It is noteworthy that the statute allows addition of both collection costs and attorney's fees to the debt. Section 5720, which provides that an association may not foreclose a lien for assessment amounts less than $1800, excludes from that lien-threshold limit "fees and costs of collection and attorney's fees", reinforcing the right of an association to recover those sums from a delinquent homeowner.

The CC&R's of the Association at Section 4.8 also include in any lien or judgment to which the Association is entitled both costs and reasonable attorney's fees.

Because debtor did not object to the substantial collection costs and attorney's fees included in the initial claim, the court assumes he acknowledges the Association's right to those collection costs and fees as part of its secured claim. His argument here, not couched as an allowable objection under § 502 (b) but presumably based on the argument that the claim is unenforceable against the debtor under state law[2], is that since debtor is post-petition current the

---

[2] The only part of § 502(b) which seems to apply is (1): "such claim is unenforceable against the debtor and property of the debtor under any

-4-

collection costs and fees are not reasonable.  Therefore, this court's analysis turns on two factors:  (1) both collection costs and attorney's fees may be added to the claim and (2) such costs and fees must be reasonable.  Only the second factor is truly in dispute.

At the continued hearing, the court presented the parties with a tentative ruling which consisted of a marked up copy of the billing records.  The court had tentatively determined that many of the time entries on the billings were not attorney's fees, but rather were clerical or bookkeeping work whereby the law firm was receiving and accounting for the payments made by the debtor and Trustee.  The court reasoned that the Association or its management firm could easily have done such accounting once the law firm had instructed them how to separately account for the direct payments versus the Trustee payments on the arrearage.  In response to this analysis, counsel for the Association argued[3] that once a delinquent assessment was sent to her law firm for litigation, it remained there for collection purposes during a Chapter 13.  Thus, she argued that the entries were proper attorney billing charges; however, if not, then they were costs of collection that were recoverable under the statute.  In light of the breadth of recovery allowed by the statute, the court determined to reconsider what entries in the billings should be allowed as reasonable, either as collection costs or attorney's fees.

Debtor continued to argue that none of the fees should be allowed because he had remained current post petition and other creditors did

---

agreement or applicable law for a reason other than because such claim is contingent or unmatured."

[3] There was no evidence in the record to support this argument, but since it was an issue raised solely by the court, the Association had not perceived a need to provide a declaration to support the argument.  The court has considered the argument as an offer of proof and assumed counsel could have described the collection procedures under oath if given the opportunity.

-5-

not supplement their claims with this type of collection charge. He also suggested that equity should balance in favor of the Chapter 13 debtor, who was diligently trying to repay his debt as allowed by law. The court rejects both arguments. First, the fact that other creditors did not include such fees bears no weight because other creditors are not HOA's, which must recoup all the additional costs caused by the defaulting homeowner from the debtor. Additionally, many other creditors would not have the statutory right to collect costs of collection in addition to attorney's fees. Second, the equities do not balance in favor of the debtor, if equity comes into play at all.[4] The debtor here did not bother to pay relatively minimal assessments for more than 4 years, causing a burden on the Association and his neighbors while receiving many of the benefits that those assessments paid for.[5] That he filed a Chapter 13 to stop a foreclosure by the Association was not noble, but rather a usage of the automatic stay to keep his home.

With this backdrop, the court has reanalyzed the billings and allowed some of the entries as reasonable costs of collection and/or attorney's fees. The annotated billings are attached to this memorandum as Exhibit A. This annotated billing shows a total supplement to the claim of $2105 based on the billing entries and $80.62 as costs on the billings, for a total of $2185.62.[6] The court made adjustments as follows: (a) the attachment to the supplemental

---

[4] Usually, equity is not a consideration on a claim objection, as claims are allowed based on legal principles.
[5] The court recognizes that debtor has been barred from using certain amenities. But most association assessments cover more than amenities, including standard services like streets cleaning and street lights and other daily maintenance.
[6] The billings provided are somewhat of a puzzlement. The fees on the billing total $3330.50, which with the costs would total $3411.12. Yet the additional claim was only for $2626.71. The Association did not explain this discrepancy.

-6-

claim at paragraph 10 broke out how the law firm bills the Association. Included in the charges was $45.00 for clerical assistants. The court determines that the reasonable charge for the bookkeeping services, once the methodology was set up, should be clerical time, not paralegal time. Those adjustments are shown on the billing as the $4.50 and $9.00 charges; (b) Some of the time is normally included in overhead, as part of the hourly rate which covers administrative costs of running a law office. For example, filling out the form to put money in a trust account is not billable time, nor is filing a document electronically. The court has marked those entries with an "O" and disregarded them; (c) a periodic status report to the client might be reasonable, but not monthly when no default has occurred. Many of the status report entries have been deleted; and (d) on some letters both the paralegal and the attorney have drafted and edited. For such simple, non-legal matters one billing personnel is all that is needed. On the other hand, the court has allowed most of the attorney time for setting up the accounting, communicating with the client, responding to debtor inquiries, and defending the claim.

    The court will prepare an order in accordance with this ruling.

###

Date: December 27, 2017

Meredith A. Jury
United States Bankruptcy Judge

# Exhibit A

Case 6:15-bk-18945-MJ    Doc 50    Filed 11/14/17    Entered 11/14/17 09:44:58    Desc
Main Document    Page 3 of 7

Fiore, Racobs & Powers  
Run: 11/13/2017 3:47:10 PM  
Page 1  
File: MLDGR

# Matter Ledger Report
9/15/2015 to 11/13/2017

C = clerical at $45/Hr.

| | Code | Name | | Init Atty | EAM | Erin A. Maloney |
|---|---|---|---|---|---|---|
| Client | 62976 | MORENO VALLEY RANCH COMMUNITY ASSOC. | | Bill Atty | EAM | Erin A. Maloney |
| Matter | 0340 | Serrato Assessment Collection Acct# Mo-VAL 0830-02 | | Resp Atty | PER | Peter E. Racobs |

— **Billed Time** —

Admin. or  
O = overhead. Nonbillable

| Code | Name | Date | Code | Hours | | $ Value | Task | Ref # | Text |
|---|---|---|---|---|---|---|---|---|---|
| EAM | Erin A. Maloney | 09/16/15 | B | 0.40 | | 86.00 | | KL7800 | Telephone call from debtor's attorney; will amend plan to provide for full amount of claim with interest; confirm same via email |
| EAM | Erin A. Maloney | 09/22/15 | B | 0.20 | | 43.00 | | KN1245 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 10/05/15 | B | 0.10 | C | 10.50 4.50 | | KN5790 | Receive and process partial payment from debtor for post-petition debt; forward to trust for processing. |
| EAM | Erin A. Maloney | 10/13/15 | B | 0.10 | O | 21.50 | | KP2955 | Execute trust form to deposit partial payment received |
| EAM | Erin A. Maloney | 10/20/15 | B | 0.20 | | 43.00 | | KQ9951 | Review file and prepare status report to client |
| EAM | Erin A. Maloney | 10/21/15 | B | 0.20 | | 43.00 | | KQ0202 | Check docket for results of confirmation hearing; not yet posted |
| MRPI | Megan R. Pinon | 10/27/15 | B | 0.10 | | 10.50 | | KR0479 | Receive phone call from debtor to discuss the use of the Association facilities. Told Mr. Serrato that we cannot discuss his account with him without his attorneys authorization to do so. Prepare memo to file. |
| EAM | Erin A. Maloney | 11/11/15 | B | 0.10 | O | 21.50 | | KT0271 | Execute trust form to deposit partial payment received |
| EAM | Erin A. Maloney | 11/21/15 | B | 0.20 | | 43.00 | | KU4794 | Check docket; download order confirming plan |
| EAM | Erin A. Maloney | 11/21/15 | B | 0.20 | | 43.00 | | KU4795 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 12/02/15 | B | 0.20 | C | 21.00 9.00 | | KU8933 | Receive and process partial payment from debtor for post-petition debt, update accounting of debt to reflect same. |
| EAM | Erin A. Maloney | 12/11/15 | B | 0.10 | O | 21.50 | | KW9013 | Execute trust form to deposit post-petition payment received |
| MRPI | Megan R. Pinon | 01/05/16 | B | 0.10 | C | 10.50 4.50 | | KY3014 | Receive and process partial payment for post-petition; forward to trust for processing |
| EAM | Erin A. Maloney | 01/06/16 | B | 0.10 | O | 21.50 | | KY4105 | Execute trust form to deposit partial payment received |
| MRPI | Megan R. Pinon | 01/12/16 | B | 0.20 | C | 21.00 9.00 | | KZ3110 | Receive payment from Chapter 13 Trustee; prepare letter to client transmitting same and advising re application of payment. Update accounting of debt to reflect same |
| EAM | Erin A. Maloney | 01/13/16 | B | 0.20 | | 43.00 | | L14314 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 01/29/16 | B | 0.10 | C | 10.50 4.50 | | L20974 | Receive and process partial payment from debtor for post-petition debt, forward to trust for processing |
| EAM | Erin A. Maloney | 02/04/16 | B | 0.10 | O | 21.50 | | L33633 | Execute trust form to deposit post-petition payment received |
| MRPI | Megan R. Pinon | 02/16/16 | B | 0.20 | C | 21.00 9.00 | L50029 | Receive payment from Chapter 13 Trustee; prepare letter to client transmitting same and advising re application of payment. Update accounting of debt to reflect same |
| EAM | Erin A. Maloney | 02/16/16 | B | 0.20 | | 43.00 | | L61356 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 02/24/16 | B | 0.10 | C | 10.50 4.50 | | L57861 | Receive and process partial payments from debtor, for post-petition, update accounting of debt to reflect same. Prepare trust form for attorney signature. |
| MRPI | Megan R. Pinon | 03/22/16 | B | 0.30 | | 31.50 | | L89449 | Prepare draft letter to client transmitting post-petition amounts collected and unused foreclosure deposit for attorney review |
| EAM | Erin A. Maloney | 03/25/16 | B | 0.20 | | 43.00 | | L99898 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 03/28/16 | B | 0.20 | | 21.00 | | L96026 | Receive post-petition payment from debtor, update check transmittal to client to enclose same for attorney review. |
| EAM | Erin A. Maloney | 03/28/16 | B | 0.30 | | 64.50 | | L97116 | Review and revise draft letter to client transmitting pre-petition amounts collected, refund of unused portion of foreclosure deposit, and post-petition payment from debtor; advise re application of same |
| MRPI | Megan R. Pinon | 04/14/16 | B | 0.20 | C | 21.00 9.00 | | LC0094 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| EAM | Erin A. Maloney | 04/23/16 | B | 0.20 | | 43.00 | | LD5707 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 05/03/16 | B | 0.20 | C | 21.00 9.00 | | LD9217 | Receive debtor's post-petition payment, draft letter to client enclosing same for attorney review. |
| MRPI | Megan R. Pinon | 05/16/16 | B | 0.20 | C | 21.00 9.00 | | LF5016 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| EAM | Erin A. Maloney | 05/19/16 | B | 0.20 | | 43.00 | | LH3435 | Review file and prepare status report to client |
| EAM | Erin A. Maloney | 05/23/16 | B | 0.20 | | 43.00 | | LG6056 | Review and revise draft letter to client transmitting assessment payment from debtor and advising re application of same |

Flore, Racobs & Powers  Case 6:15-bk-18945-MJ    Doc 50    Filed 11/14/17    Entered 11/14/17 09:44:58    Desc    Page 2
Run: 11/13/2017 3:47:10 PM                       Main Document    Page 4 of 7                                File: MLDGR

# Matter Ledger Report
9/15/2015 to 11/13/2017

| | Code | Name | | Init Atty | EAM | Erin A. Maloney |
|---|---|---|---|---|---|---|
| Client | 62976 | MORENO VALLEY RANCH COMMUNITY ASSOC. | | Bill Atty | EAM | Erin A. Maloney |
| Matter | 0340 | Serrato Assessment Collection Acct# Mo-VAL 0830-02 | | Resp Atty | PER | Peter E. Racobs |

─────────────────────── Billed Time Continued ───────────────────────

| Code | Name | Date | Code | Hours | $ Value | Task | Ref # | Text |
|---|---|---|---|---|---|---|---|---|
| MRPI | Megan R. Pinon | 06/01/16 | B | 0.20 | C ~~21.00~~ 9.00 | | LI0811 | Receive payment from debtor for post-petition assessment payment; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| CLK | Clerical Assistant | 06/14/16 | B | 0.20 | 9.00 | | LK0504 | (CLC) Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| EAM | Erin A. Maloney | 06/18/16 | B | 0.20 | 43.00 | | LL6433 | Check status of trustee payments; note interest is not being paid by trustee; instruct paralegal to call trustee re same |
| EAM | Erin A. Maloney | 06/18/16 | B | 0.20 | 43.00 OK | | LL6434 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 06/28/16 | B | 0.20 | 21.00 | | LL6109 | Prepare draft letter to debtor's bankruptcy attorney advising of address to send post-petition payments to for attorney review |
| MRPI | Megan R. Pinon | 07/08/16 | B | 0.20 | C ~~21.00~~ 9.00 | | LM7640 | Receive payment from debtor for post-petition assessment payment; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| MRPI | Megan R. Pinon | 07/12/16 | B | 0.20 | C ~~21.00~~ 9.00 | | LN1133 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| LCK | Laurie C. Keating | 07/19/16 | B | 0.20 | 30.00 | | LO1175 | Review and revise letter to debtor's attorney re. address for sending post-petition payments |
| LCK | Laurie C. Keating | 07/19/16 | B | 0.20 | 30.00 | | LO1181 | Review and revise letter to client transmitting payment from debtor for post-petition assessments and advising that we have instructed the debtor to send future post-petition assessments to the Association directly. |
| MRPI | Megan R. Pinon | 08/12/16 | B | 0.20 | C ~~21.00~~ 9.00 | | LR3845 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| MRPI | Megan R. Pinon | 09/12/16 | B | 0.20 | C ~~21.00~~ 9.00 | | LV1934 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| MRPI | Megan R. Pinon | 09/21/16 | B | 0.20 | 21.00 | | LW1786 | Place telephone call to trustee's office to discuss interest on claim. Prepare memo to file |
| EAM | Erin A. Maloney | 09/21/16 | B | 0.20 | 43.00 | | LW7536 | Check trustee's website; determine trustee is not paying interest on claim even though court ordered same; instruct paralegal to call trustee |
| EAM | Erin A. Maloney | 09/21/16 | B | 0.20 | ~~43.00~~ | | LW7537 | Review file and prepare status report to client |
| NAL | Nicole A. Lilomaiava | 10/19/16 | B | 0.20 | C ~~34.00~~ 9.00 | | M02029 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| EAM | Erin A. Maloney | 10/22/16 | B | 0.20 | ~~43.00~~ | | M09600 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 11/14/16 | B | 0.20 | C ~~21.00~~ 9.00 | | M39532 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| MRPI | Megan R. Pinon | 11/21/16 | B | 0.20 | C ~~21.00~~ 9.00 | | M45738 | Receive proof of claim from Select Portfolio Servicing, upload same into system |
| MRPI | Megan R. Pinon | 12/15/16 | B | 0.20 | C ~~21.00~~ 9.00 | | M75961 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| EAM | Erin A. Maloney | 12/17/16 | B | 0.20 | 43.00 OK | | M92233 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 01/13/17 | B | 0.20 | C ~~21.00~~ 9.00 | | MA7842 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| EAM | Erin A. Maloney | 01/23/17 | B | 0.20 | ~~43.00~~ | | MD5093 | Review file and prepare status report to client |
| EAM | Erin A. Maloney | 02/22/17 | B | 0.20 | ~~43.00~~ | | MH8713 | Review file and prepare status report to client |

Fiore, Racobs & Powers
Run: 11/13/2017 3:47:10 PM

Page 3
File: MLDGR

## Matter Ledger Report
### 9/15/2015 to 11/13/2017

| Code | | Name | | Init Atty | EAM | Erin A. Maloney |
|---|---|---|---|---|---|---|
| Client | 62976 | MORENO VALLEY RANCH COMMUNITY ASSOC. | | Bill Atty | EAM | Erin A. Maloney |
| Matter | 0340 | Serrato Assessment Collection Acct# Mo-VAL 0830-02 | | Resp Atty | PER | Peter E. Racobs |

──────────── Billed Time Continued ────────────

| Code | Name | Date | Code | Hours | $ Value | Task | Ref # | Text |
|---|---|---|---|---|---|---|---|---|
| MRPI | Megan R. Pinon | 03/15/17 | B | 0.20 | C 21.00 9.00 | | MK0576 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| EAM | Erin A. Maloney | 03/22/17 | B | 0.20 | 43.00 | | MM3864 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 04/17/17 | B | 0.20 | C 21.00 9.00 | | MO3374 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| MRPI | Megan R. Pinon | 04/17/17 | B | 0.20 | C 21.00 9 | | MO3664 | Receive payment from client for debtor's post-petition debt; prepare letter to client returning same for attorney review; update accounting to reflect payment |
| NAL | Nicole A. Liomaiava | 04/17/17 | B | 0.20 | C 30.00 9.00 | | MO3947 | Review and revise letter to client transmitting post-petition assessment payment and advising re application of payment. |
| EAM | Erin A. Maloney | 04/17/17 | B | 0.20 | 43.00 | | MP3032 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 05/15/17 | B | 0.20 | C 21.00 9.00 | | MS3130 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| MRPI | Megan R. Pinon | 05/19/17 | B | 0.40 | 42.00 | | MS8931 | Update accounting of debt; request and review updated accounting record from client |
| MRPI | Megan R. Pinon | 05/19/17 | B | 1.00 | 105.00 | | MS8955 | Prepare draft Supplemental Claim for attorney review. |
| EAM | Erin A. Maloney | 05/23/17 | B | 0.20 | 43.00 | | MU3205 | Review file and prepare status report to client |
| EAM | Erin A. Maloney | 05/29/17 | B | 0.60 | 129.00 | | MT4732 | Review and revise draft supplemental claim |
| EAM | Erin A. Maloney | 05/30/17 | B | 0.10 | 21.50 | | MT8159 | Electronically file supplemental claim |
| MRPI | Megan R. Pinon | 06/13/17 | B | 0.20 | C 21.00 9.00 | | 1005445 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| EAM | Erin A. Maloney | 06/21/17 | B | 0.20 | 43.00 OK | | 1020145 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 07/14/17 | B | 0.20 | C 21.00 9.00 | | 1048348 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| NAL | Nicole A. Liomaiava | 07/19/17 | B | 0.30 | 45.00 | | 1052767 | Telephone call from debtor's attorney, Terrence Fantauzzi, discussed access to Association amenities during the pendency of debtor's chapter 13 bankruptcy. |
| EAM | Erin A. Maloney | 07/25/17 | B | 0.20 | 43.00 | | 1059665 | Review file and prepare status report to client |
| EAM | Erin A. Maloney | 07/26/17 | B | 0.30 | 64.50 | | 1060876 | Send email to Attorney Fantauzzi in response to his demand that privileges be reinstated |
| EAM | Erin A. Maloney | 08/22/17 | B | 0.20 | 43.00 | | 10A4574 | Check status of bankruptcy; trustee's motion to dismiss was withdrawn |
| EAM | Erin A. Maloney | 08/22/17 | B | 0.20 | 43.00 | | 10A4575 | Review file and prepare status report to client |
| MRPI | Megan R. Pinon | 09/14/17 | B | 0.20 | C 21.00 9.00 | | 10D3704 | Receive plan payment from Chapter 13 Trustee toward pre-petition debt; prepare letter to client transmitting same and advising re application of payment; update accounting to reflect payment |
| EAM | Erin A. Maloney | 09/20/17 | B | 0.20 | 43.00 | | 10E5431 | Review file and prepare status report to client |
| EAM | Erin A. Maloney | 09/25/17 | B | 1.80 | 387.00 | | 10E3207 | Receive and review debtor's objection to supplemental claim; research law re same; prepare response to objection |
| MRPI | Megan R. Pinon | 09/25/17 | B | 0.20 | O 21.00 | | 10E3299 | Receive debtor's objection to supplemental claim; upload same into system |
| MRPI | Megan R. Pinon | 09/25/17 | B | 0.10 | O 10.50 | | 10E3300 | Calendar attorneys appearance at hearing regarding objection to supplemental claim |
| EAM | Erin A. Maloney | 10/16/17 | B | 0.20 | 43.00 OK | | 10H6497 | Review file and prepare status report to client |
| EAM | Erin A. Maloney | 10/30/17 | B | 1.40 | 301.00 | | 10I6679 | Travel to and attend Hearing on Objection to Supplemental Claim; continued to present detailed billing statements |

| | Hours | $ Value |
|---|---|---|
| Billable | 19.80 | 3,330.50 |
| Non-Billable | 0.00 | 0.00 |
| Suppressable | 0.00 | 0.00 |
| Total Billed Time | 19.80 | 3,330.50 |

Fiore, Racobs & Powers  Case 6:15-bk-18945-MJ   Doc 50   Filed 11/14/17   Entered 11/14/17 09:44:58   Desc   Page 4
Run: 11/13/2017 3:47:10 PM                      Main Document   Page 6 of 7                                File: MLDGR

# Matter Ledger Report
## 9/15/2015 to 11/13/2017

| | Code | Name | | Init Atty | EAM | Erin A. Maloney |
|---|---|---|---|---|---|---|
| Client | 62976 | MORENO VALLEY RANCH COMMUNITY ASSOC. | | Bill Atty | EAM | Erin A. Maloney |
| Matter | 0340 | Serrato Assessment Collection Acct# Mo-VAL 0830-02 | | Resp Atty | PER | Peter E. Racobs |

--- Billed Expenses ---

| Code | Description | Date | Check # | Ck. Date | $ Value | Ref # | Text |
|---|---|---|---|---|---|---|---|
| 17 | Photocopies | 09/30/15 | | | 17.00 | KN1820 | |
| 96 | Bankruptcy search/documents | 09/30/15 | | | 4.00 | KN2193 | |
| INT | Interest | 09/30/15 | | | 0.64 | KN2401 | thru 08/15/15 |
| 18 | Postage | 09/30/15 | | | 4.16 | KN2844 | |
| 96 | Bankruptcy search/documents | 11/24/15 | | | 0.40 | KU4841 | |
| INT | Interest | 12/31/15 | | | 1.29 | KY0434 | thru 11/15/15 |
| INT | Interest | 01/31/16 | | | 1.29 | L22455 | thru 12/15/15 |
| 18 | Postage | 03/31/16 | | | 0.49 | LA1659 | |
| 17 | Photocopies | 03/31/16 | | | 2.50 | LA2202 | |
| INT | Interest | 04/30/16 | | | 0.96 | LD6805 | thru 03/15/16 |
| 18 | Postage | 05/31/16 | | | 0.47 | LH0718 | |
| 17 | Photocopies | 05/31/16 | | | 1.50 | LH7973 | |
| 17 | Photocopies | 06/30/16 | | | 1.75 | LM1061 | |
| 18 | Postage | 07/01/16 | | | 0.47 | LM0502 | |
| 17 | Photocopies | 07/31/16 | | | 3.25 | LP1453 | |
| 17 | Photocopies | 12/31/16 | | | 0.75 | M93605 | |
| 17 | Photocopies | 03/31/17 | | | 0.75 | MM2642 | |
| 17 | Photocopies | 04/30/17 | | | 1.00 | MP7302 | |
| 18 | Postage | 04/30/17 | | | 0.46 | MP8375 | |
| 17 | Photocopies | 05/31/17 | | | 18.75 | MU2066 | |
| 18 | Postage | 05/31/17 | | | 5.70 | MU3401 | |
| 18 | Postage | 06/30/17 | | | 5.70 | 1029357 | |
| 18 | Postage | 09/30/17 | | | 1.34 | 10E8540 | |
| 17 | Photocopies | 09/30/17 | | | 6.00 | 10F0708 | |
| | Advanced | | | | 0.00 | | |
| | Non-Cash | | | | 80.62 | | |
| | Total Billed Expenses | | | | 80.62 | | |

End of Report

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

6820 Indiana Avenue, Suite 140
Riverside, CA 92506

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF ERIN A. MALONEY IN SUPPORT OF SUPPLEMENTAL CLAIM**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 14, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Attorney: Terrence Fantauzzi: terrencefantauzzi@hotmail.com
United States Trustee: ustpregion16.rs.ecf@usdoj.gov
Trustee: Rod Danielson: notice-efile@rodan13.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 14, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge:   Honorable Meredith A. Jury
         United States Bankruptcy Court
         Central District of California
         3420 Twelfth Street, Suite 325 / Courtroom 301
         Riverside, CA 92501-3819

Debtor:  Jorge Serrato
         25608 Sierra Cadiz Court
         Moreno Valley, CA 92551

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 14, 2017 | Megan Pinon | /s/ M. Pinon |
|---|---|---|
| Date | Printed Name | Signature |

R0267754-1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                          F 9013-3.1.PROOF.SERVICE

[Handwritten calculations in margin:]
4 × 4.5 = 18
9 × 25 = 225
43 × 11 = 473
21 × 3 = 63

$1976
2062
1976/86
2105
80.62